IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH SANCHEZ, for herself
and on behalf of those
similarly situated,

      Plaintiffs,

   v.

WAL-MART STORES, INC., DOREL
JUVENILE GROUP, INC. and DOES 1
through 25, inclusive,

      Defendants.       /

No. Civ. S-06-cv-2573 DFL KJM

Memorandum of Opinion
and Order

    Plaintiff Elizabeth Sanchez is bringing a class action against Dorel Juvenile Group, Inc. and Wal-Mart Stores, Inc. ("defendants"). Sanchez contends that Dorel and Wal-Mart designed and sold defective strollers that she and other class members bought. Defendants removed the case from state court. Sanchez now moves to remand the case while defendants move to dismiss Sanchez's claims. For the reasons below, the court DENIES Sanchez's motion to remand and DENIES defendants' motion to dismiss.

I.

In June 2005, Sanchez bought a Dorel model 01-834 PGH stroller from Wal-Mart at Florin Road in Sacramento, California. Sanchez contends that she relied on defendants' representations that the stroller was safe.  She allegedly discovered, however, that the stroller has a "dangerous, unguarded and unmitigated pinch point" that creates "an unreasonable potential for harm." Sanchez claims that she must replace the stroller and, therefore, has suffered monetary loss.

On October 2, 2006, Sanchez filed a class action lawsuit against defendants in state court.  Sanchez pleaded three claims against both defendants: (1) strict products liability, (2) violation of California's Unfair Competition Law ("UCL"), and (3) violation of California's Consumer Legal Remedies Act ("CLRA").  Sanchez also pleaded a breach of implied warranty claim against Wal-Mart.

On November 16, 2006, defendants removed the case to federal court under the Class Action Fairness Act of 2005 ("CAFA").  In its notice of removal, defendants averred that the parties were diverse, and that the sum of potential compensatory damages, punitive damages, injunctive relief, and attorney's fees would likely exceed $5,000,000.

II.

Sanchez argues that the court must remand this action to state court because defendants have not carried their burden of establishing that the amount in controversy exceeds $5,000,000.

Under CAFA, federal courts have original jurisdictions over class actions where a class member is a citizen of a state different from any defendant and the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2)(2007).  The claims of all individual class members are aggregated to determine whether the amount in controversy is met.  28 U.S.C. § 1332(d)(6) (2007).  When plaintiffs do not specify in their complaint the dollar amount of the damages they seek, removing defendants must establish by a preponderance of the evidence the requisite amount in controversy.  <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1997).  In her complaint, Sanchez does not allege a specific amount of damages. Therefore, this court has jurisdiction only if defendants establish by a preponderance of the evidence that potential damages exceed $5,000,000.

Here, defendants have established by a preponderance of the evidence that compensatory damages alone likely would approach $5,000,000.  In his second declaration, Harry Jonathan Finerfrock, a data warehouse/business intelligence analyst for Dorel, states that Dorel sold more than 250,000 strollers to its "retailer and retailer distributor customers in California" as of February 2007.[1]  Such retailers include Wal-Mart, K-Mart/Sears, Target, and Big Lots.  Moreover, Finerfrock states that Dorel sold around 40 strollers directly to consumers at a price of $23.31 plus a shipping and handling charge.  In his first declaration, Finerfrock asserts that "[t]he retail sales

---

[1]  After oral argument, Defendants submitted a second, more detailed declaration by Finerfrock on the court's request.

price of [the] stroller ranges from $20.00 - $30.00." The low end of this range multiplied by the 250,000 figure would satisfy the $5 million requirement.

Sanchez argues that the defendants have failed to establish adequately the amount of compensatory damages for two reasons. First, Sanchez contends that defendants have failed to show that the strollers sold to retailers ended up in the hands of California consumers. Sanchez surmises that retailers could have sold or transported the strollers to out-of-state retailers, or that the retailers could have a large inventory of unsold strollers. Second, Sanchez claims that defendants have not laid a proper foundation for Finerfrock's statement regarding the retail price of the stroller in California.

Sanchez's arguments lack force. The court refuses to remand the case based on Sanchez's unsupported conjectures. It is theoretically possible that large "big box" stores also act as wholesalers or serve an out of state population. But this is so contrary to common understanding of how a large retail store does business that Sanchez was under some obligation to do more than hypothesize unlikely possibilities. It is reasonable to assume that defendants' California stores sold their inventory of strollers to California consumers. Similarly, it is reasonable to conclude from the sale price of strollers Dorel sold directly to consumers that the strollers likely retailed for at least $20.00. Therefore, assuming that 250,000 strollers were sold in California for $20.00 each, the court concludes that defendants have established by a preponderance of the

evidence that compensatory damages likely would exceed
$5,000,000.

Finally, Sanchez also seeks attorney's fees under the UCL
and the CRLA and punitive damages.  Punitive damages are part of
the amount in controversy.  <u>Gibson v. Chrysler Corp.</u>, 261 F.3d
927, 945 (9th Cir. 2001).  Attorney's fees, if authorized by
statute or contract, are also part of the calculation.  <u>Kroske
v. U.S. Bank Corp.</u>, 432 F.3d 976, 980 (9th Cir. 2005).
Therefore, even assuming a more conservative estimate of
compensatory damages, the court finds that potential punitive
damages and attorney's fees award, combined with compensatory
damages, would satisfy CAFA's amount in controversy threshold.

III.

Defendants move to dismiss Sanchez's case.[2]

A. UCL

Defendants argue that Sanchez has failed to state a UCL
claim because: (1) the CLRA provides the exclusive remedy in
this case; (2) Sanchez lacks standing to bring a UCL claim
because she did not plead reliance; and (3) Sanchez has failed
to plead damages that resulted from the allegedly unfair
conduct.  These arguments lack merit.

Contrary to defendants' assertion, the CLRA does not
preclude Sanchez from making a UCL claim.  Remedies provided by
the CLRA are not exclusive.  Cal. Civ. Code § 1752 (2006) ("The
remedies provided herein for violation of any section of this

---

[2]  At oral argument, Sanchez consented to the dismissal of
the strict liability claim.  Therefore, the court addresses only
defendants' arguments as to Sanchez's other claims.

title or for conduct proscribed by any section of this title shall be in addition to any other procedures or remedies for any violation or conduct provided for in any other law.")  The 1975 amendment to § 1752 make that clear.[3]  Moreover, plaintiffs routinely plead both UCL and CLRA claims based on similar allegations.[4]  See, e.g., Miller v. Bank of America, 144 Cal. App. 4th 1301, 1307-08 (2006);  Bardin v. Daimler-Chrysler Corp., 136 Cal. App. 4th 1255, 1261-62 (2006).

Defendants also are incorrect that Sanchez has failed to plead reliance.  In her first amended complaint, Sanchez alleges that defendants breached the UCL by making "false and misleading statements, in the form or written representations and material omissions."[5]  Sanchez then claims that "[w]ere it not for the unfair competition of defendants, the CLASS would not have

---

[3]  Section 1752 states: "The provisions of this title are not exclusive.  The remedies provided herein for violation of any section of this title or for conduct proscribed by any section of this title shall be in addition to any other procedures or remedies for any violation or conduct provided for in any other law."  The 1975 amendment inserted into that paragraph the phrase "for violation of any section of this title or for conduct proscribed by any section of this title" and the phrase "for any violation or conduct."  Cal. Civ. Code § 1752 (2007).

[4]  Defendants rely on Outboard Marine Corp v. Superior Court, 52 Cal. App. 3d 30, 36 (1975), for the proposition that the CLRA provides the exclusive remedy for acts that it covers. But it is not clear whether the court in Outboard Marine took into account the 1975 amendment.  Moreover, the Outboard Marine court relied on another case, Vasquez v. Superior Court, 4 Cal. 3d 800, 818-19 (1971), in which the court interpreted the pre-1975 version of § 1752.

[5]  In addressing defendants' arguments, the court looks to Sanchez's first amended complaint.

purchased the STROLLER and/or purchased and/or used the STROLLER
. . . ."[6]

Finally, defendants contend that Sanchez has failed to
state a UCL claim because she did not plead damages.  Defendants
make no showing that Sanchez needs to plead damages to make a
UCL claim.  Plaintiffs have standing to make a UCL claim if they
have "suffered injury in fact and [have] lost money or property
as a result of such unfair competition."  Cal. Bus & Prof. Code
§ 17204 (2007).  Sanchez makes this allegation in her amended
complaint.  According to Sanchez, "[t]he CLASS has and will
continue to suffer injury in fact and lose money as a direct
result of Defendants' unfair competition in that each paid a
readily ascertainable amount for the dangerous and defective
STROLLER."

  B. CLRA

Defendants contend that the court must dismiss Sanchez's
CLRA claim because she failed to comply with the notice
requirement in Cal. Civ. Code § 1782(a).  Section 1782(a)
requires that plaintiffs give at least 30 days notice to
defendants before filing a CLRA action to allow defendants an
opportunity to "correct, replace, or otherwise rectify" the

---

[6]  In her opposition, Sanchez argues that the UCL does not
require reliance.  Courts are split on whether plaintiffs must
plead reliance to state a UCL claim after Proposition 64.  In
November 2006, the California Supreme Court granted review of
two cases in which the lower courts found that Proposition 64
requires plaintiffs to plead reliance.  Pfizer Inc. v. Superior
Court, 51 Cal. Rptr. 3d 707 (2006); In re Tobacco II Cases, 47
Cal. Rptr. 3d 917 (2006).  Because it finds that Sanchez has
pleaded reliance, the court does not reach this issue here.

purportedly defective goods or services.  Cal. Civ. Code §
1782(a) (2007).

Defendants are incorrect that they did not receive such
notice.  In her amended complaint, Sanchez alleges that another
class member, Salvador Sanchez, sent defendants notice on
November 2, 2005.  In his letter, Salvador Sanchez claimed that
"[the] stroller has a dangerous and defective locking mechanism
pinch point which creates an unreasonable danger of personal
injury to all potential users."  Moreover, Salvador Sanchez
stated that he was providing defendants statutory written
notice, as required by the CLRA, on behalf of himself and a
class of similarly situated consumers.  This is sufficient to
satisfy § 1782(a).  "The clear intent of the [CLRA] is to
provide and facilitate pre-complaint settlements of consumer
actions wherever possible and to establish a limited period
during which such settlement may be accomplished."  Outboard
Marine Corp. v. Superior Court, 52 Cal. App. 3d 30, 41 (1975).
Therefore, courts must interpret § 1782(a) strictly to
effectuate this intent.

The 2005 notice, although it came from another class
member, nonetheless satisfied § 1782(a) because it notified
defendants of the stroller's alleged defect and of a potential
class action lawsuit.  See id. ("The purpose of the notice
requirement of section 1782 is to give the manufacturer or
vendor sufficient notice of alleged defects to permit
appropriate corrections or replacements.")

C.  Breach of the Implied Warranty of Merchantability

Finally, Wal-mart argues that Sanchez failed to state a breach of the implied warranty claim in her complaint because she did not provide Wal-Mart notice as required under Cal. Civ. Code § 2607(3)(a). [7]   Walmart is incorrect.   Wal-Mart received notice when Salvador Sanchez wrote defendants in November 2005, contending that Wal-Mart was selling a defective stroller.   "[A] breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use."   Mocek v. Alfa Leisure, Inc., 114 Cal. App. 4th 402, 406 (2004).   In seeking to inform defendants that they may have violated the CLRA, the notice included various factual allegations, including the allegation that Wal-Mart was selling defective strollers.   Therefore, the 2005 notice was sufficient to inform Wal-Mart that plaintiffs also might pursue a breach of the implied warranty claim. [8]

IV.

For the reasons above, the court DENIES Sanchez's motion to remand and also DENIES defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: May 8, 2007

/s/ David F. Levi_____
DAVID F. LEVI
United States District Judge

---

[7]   Only Wal-mart moves to dismiss Sanchez's breach of implied warranty claim because Sanchez does not assert this claim against Dorel.

[8]   In their reply, defendants also argue that Sanchez failed adequately to plead a breach of the implied warranty of merchantability claim.   Sanchez, however, has amended the complaint to include this claim.