IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANCHEZ, for herself and on behalf of those similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WAL-MART STORES INC., DOREL JUVENILLE GROUP, INC., and DOES 1 through 25, inclusive,<br><br>　　　　Defendants.    / | No. Civ. S-06-2573 DFL KJM<br><br>Memorandum of Opinion<br>　　　　and Order |

　　Plaintiff Elizabeth Sanchez filed a class action against Dorel Juvenile Group, Inc. and Wal-Mart Stores, Inc. ("defendants"). Sanchez advances three causes of action alleging that Dorel and Wal-Mart designed and sold defective strollers. Defendants filed a motion for a more definite statement of claim one and a motion to dismiss claims two and three. For the reasons below, the court DENIES both motions.

I.

In June 2005, Sanchez bought a Dorel model 01-834 PGH stroller from Wal-Mart in Sacramento, California. Sanchez alleges that, despite defendants' representation that the stroller was safe, it included a "dangerous, unguarded and unmitigated pinch point" that created "an unreasonable potential for harm." Plaintiff filed a first amended complaint on March 3, 2007, alleging (1) unfair business practices under California Business & Professions Code § 17200, (2) violation of the Consumer Legal Remedies Act ("CLRA"), and (3) breach of implied warranty of merchantability (against Wal-Mart only). Defendants seek a more definite statement of claim one and dismissal of claims two and three.

II.

A.   Motion for More Definite Statement

Defendants argue that plaintiff failed to provide a sufficiently definite statement of claim one, alleging unfair business practices under California Business & Professions Code § 17200. Federal Rule of Civil Procedure 12(e) requires a plaintiff to correct a pleading if it "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Defendants argue that plaintiff does not make it sufficiently clear what type of conduct prohibited by § 17200 the claim addresses. Defendants also argue that, despite

2

plaintiff's captioning of claim one as a § 17200 claim, it is unclear whether it also pleads a violation of § 17500 due to plaintiff's citation of the latter section.  These arguments lack merit.

The complaint provides a sufficient explanation of the claim's factual and statutory grounds for plaintiff to file a responsive pleading.  Compl. ¶¶ 20-21.  Given liberal pleading requirements, no further elaboration is necessary.  See Fed. R. Civ. Pro. 12(e).  The claim's citation to § 17500 is not impermissibly confusing given that § 17200 incorporates it by reference.  The court DENIES the motion for a more definite statement.

B.   Motion to Dismiss

The CLRA requires plaintiffs to provide defendants with notice of the alleged violation and a demand for a remedy at least thirty days before an action is filed.  Cal. Civ. Code § 1782(a). "The clear intent of the act is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished."  Outboard Marine Corp. v. Superior Court, 52 Cal.App.3d 30, 40-41 (1975).  The court previously held that a November 2, 2005 letter, although not sent by the named plaintiff, satisfied § 1782(a)'s notice requirement and included a class allegation.  Sanchez v. Wal-

Mart Stores, Inc., No. Civ. S-06-2573, 2007 WL 1345706, at *3 (E.D. Cal. May 8, 2007).

Defendants now argue that § 1782(a) requires "literal compliance" with notice provisions and that the November 2 letter provided insufficient notice because no class existed at the time of its mailing. These arguments lack merit. Defendants received the November 2 letter more than thirty days before plaintiff filed the action and could ascertain the nature of the alleged violation from the notice. See Kagan v. Gibraltar Sav. & Loan Ass'n, 35 Cal.3d 582, 594-95 (1984). As for the absence of a certified class, Dorel and Wal-Mart argue unpersuasively for a defendant's nirvana where notice cannot be given until a claim is filed and a claim cannot be filed until notice is given. The court DENIES the motion to dismiss as to claim two.

Defendants argue that claim three, alleging breach of the implied warranty of merchantability, similarly fails due to insufficient notice. Notice in breach of warranty claims must identify the breach and apprise "the seller that the buyer intends to look to him for damages." Whitfield v. Jessup, 31 Cal.2d 826, 830 (1948). As explained above, the November 2 letter provided defendants with sufficient notice of the breach and the threat of legal action. Contrary to defendants' argument, plaintiff's allegations regarding notice were

incorporated into the third claim by reference to earlier parts of the complaint. The court DENIES the motion to dismiss as to claim three.

### III.

For these reasons, the court DENIES the motions.

IT IS SO ORDERED.

Dated:   June 14, 2007

```
                              /s/ David F. Levi_____
                              DAVID F. LEVI
                              United States District Judge
```