SCHIFF HARDIN LLP
JEFFREY R. WILLIAMS (CSB #84156)
KATHLEEN A. STIMELING (CSB #209226)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Attorneys for Defendants
DOREL JUVENILE GROUP, INC. and
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELIZABETH SANCHEZ, for herself and on behalf of those similarly situated,

Plaintiffs,

v.

WAL MART STORES, INC., DOREL JUVENILE GROUP, INC., and DOES 1 through 25, inclusive,

Defendants.

Case No. 2:06-CV-02573-DFL-KJM

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS**

IT IS HEREBY STIPULATED BY AND BETWEEN PLAINTIFF ELIZABETH SANCHEZ AND DEFENDANTS WAL-MART STORES, INC. AND DOREL JUVENILE GROUP, INC., BY AND THROUGH THEIR COUNSEL OF RECORD, to enter into the following protective order governing the confidentiality of documents produced by the parties during the above-captioned litigation.

IT IS HEREBY STIPULATED:

1. This Protective Order shall apply to all documents, materials, testimony, discovery responses, and any other information which may be produced or given by or on behalf of DJG or Wal-Mart during this litigation that are designated by counsel for DJG or Wal-Mart as confidential (hereinafter "CONFIDENTIAL MATERIALS"):

2. Counsel for DJG or Wal-Mart may designate documents, materials, testimony, transcripts, or other information to be reviewed, produced or disclosed as

SCHIFFHARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PDF created with pdfFactory trial version www.pdffactory.com

"CONFIDENTIAL MATERIALS," which designation shall make such items CONFIDENTIAL MATERIALS. All copies, prints or other reproductions, summaries, notes, synopses or any other memorialization of CONFIDENTIAL MATERIALS, or the information contained therein, shall be deemed CONFIDENTIAL MATERIALS subject to this Stipulation. Confidential documents, information or materials shall not include advertising materials; materials that on their face show that they have been published or made available to the general public; or materials that have been submitted to governmental authorities without a request for confidential treatment, unless otherwise protected from disclosure by applicable regulations.

3. CONFIDENTIAL MATERIALS produced or disclosed to the parties and their counsel in the action entitled Elizabeth Sanchez v. Wal-Mart Stores, Inc., et al. (which term shall include all attorney and non-attorney personnel, all of whom are subject to the terms of this Stipulation) shall not be disclosed to any person or entity except experts or consultants retained by the parties' counsel for assistance in trial preparation or for testimony in this action. Disclosure shall be made to such persons only as necessary for the prosecution or defense of this lawsuit and only after the person to whom disclosure is to be made has been provided with a copy of this Stipulation, has agreed to be bound by it, and has executed, subscribed and returned to the disclosing counsel an acknowledged copy of the "Confidentiality Agreement Affidavit" in the form attached hereto as Exhibit A.

4. CONFIDENTIAL MATERIALS which are set forth, summarized, or otherwise referenced in transcripts, depositions, affidavits, exhibits, briefs, memoranda, discovery responses, or other documents or pleadings in this matter shall likewise be deemed CONFIDENTIAL MATERIALS subject to this Stipulation. If filed with any Court, any such documents or pleadings shall be filed under seal and with notation of the application of this Stipulation, and shall not be available for inspection or review without such Court's prior specific approval. They shall be kept under seal except when in actual use by the judicial officer(s) presiding over this action (or his staff), and shall be resealed before being returned to the Court's files.

PDF created with pdfFactory trial version www.pdffactory.com

5. Upon termination of this lawsuit, by dismissal, judgment or settlement, all parties' counsel shall promptly return to counsel for DJG or Wal-Mart all CONFIDENTIAL MATERIALS, including all designated materials of the type described in paragraphs 2 and 4 of this Stipulation, in the possession of all parties' counsel, consultants and experts, except those documents containing notations or other material which are privileged or constitute work product shall be destroyed. All parties' counsel shall certify in writing to counsel for DJG that this Stipulation has been complied with, and shall disclose the names of all persons to whom CONFIDENTIAL MATERIALS were disclosed. Each consultant or expert retained by the parties' counsel who received any CONFIDENTIAL MATERIALS shall also certify in writing to counsel for DJG or Wal-Mart that this Stipulation has been complied with. Such certifications shall be in the form of the affidavit attached hereto as Exhibit B. All parties' counsel shall provide to counsel for defendant copies of any "Confidentiality Agreement Affidavit" (Exhibit A) and "Certification Affidavit" (Exhibit B) executed pursuant to this Stipulation. In addition, upon the termination of this lawsuit, by dismissal, judgment or settlement, all CONFIDENTIAL MATERIALS filed with the Court shall be expunged from the Court records and returned to counsel for DJG or Wal-Mart.

6. Materials designated as "CONFIDENTIAL MATERIALS" shall not be placed or deposited in any sort of data bank, internet website, or otherwise be made available for indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses, or any other persons or entities. This paragraph and the other provisions of this Protective Order shall not apply to materials which, if challenged by another party, the Court rules are not entitled to protection.

7. Prior to designating any material as "CONFIDENTIAL MATERIALS", counsel for DJG or Wal-Mart must make a good faith determination that the material is, in fact, proprietary or other confidential research, development or commercial information. If any party elects to challenge a designation of "CONFIDENTIAL MATERIALS" made by DJG or Wal-Mart, the challenging party shall provide written notice to counsel for DJG or Wal-Mart within thirty (30) days of receipt of the

PDF created with pdfFactory trial version www.pdffactory.com

document(s) in question. The notice shall specify the documents, information, or materials for which the designation is challenged, and the basis for the challenge. Thereafter, the provisions of the agreement shall apply to such materials for a period of sixty (60) days only, and shall expire unless DJG or Wal-Mart files a motion for protective order from the court prior to such time. In the event such motion is filed, the terms of this Protective Order shall remain in place as to such documents, information, and materials until the Court rules upon the motion.

8. All materials designated as confidential shall be treated as such pursuant to the terms of this Protective Order until further order of this Court. Such a designation raises no presumption that the information or documents are entitled under the law to protection.

9. The determination of how any material designated as "CONFIDENTIAL MATERIALS" shall be used at the trial of this case, if any, is not made at this time. Rather, any such determination will be made prior to trial.

10. The terms of this Protective Order shall become effective when it is mutually executed by the respective attorneys for the parties and shall survive and remain in full force and effect after conclusion of this cause of action.

IT IS HEREBY STIPULATED.

DATED: September 17, 2007

SCHIFF HARDIN LLP

By /s/
Kathleen A. Stimeling
Attorneys for Defendants
DOREL JUVENILE GROUP, INC. and
WAL-MART STORES, INC.

SCHIFFHARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PDF created with pdfFactory trial version www.pdffactory.com

DATED: September 17, 2007

CLAYEO C. ARNOLD, A Professional Law Corporation

By /s/
Kirk J. Wolden
Attorneys for Plaintiff
ELIZABETH SANCHEZ and the CLASS

IT IS SO ORDERED.

DATED: September 18, 2007

/s/ Ralph R. Beistline
UNITED STATES DISTRICT JUDGE

SCHIFFHARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

01850.00010
670797.1

- 5 -

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
Case No. 2:06-CV-02573-DFL-KJM

PDF created with pdfFactory trial version www.pdffactory.com

SCHIFF HARDIN LLP
JEFFREY R. WILLIAMS (CSB #84156)
KATHLEEN A. STIMELING (CSB #209226)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Attorneys for Defendants
DOREL JUVENILE GROUP, INC. and
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANCHEZ, for herself and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL MART STORES, INC., DOREL JUVENILE GROUP, INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:06-CV-02573-DFL-KJM<br><br>**EXHIBIT A** |

STATE OF ____________ )
) SS
COUNTY OF ________________ )

The undersigned, first being duly sworn, deposes and says:

1. I have been asked by counsel for one of the parties in the action entitled Elizabeth Sanchez v. Wal-Mart Stores, Inc., et al. to receive, see or review certain materials or information that has been designated as CONFIDENTIAL MATERIALS within the terms of the "Stipulation Concerning Confidential Materials" in the above-entitled action.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PDF created with pdfFactory trial version www.pdffactory.com

As a prior condition to my being permitted to receive, see or review any CONFIDENTIAL MATERIALS, I have read the aforementioned Stipulation, and I agree to be bound by its terms.

2. I understand that the Stipulation is legally binding upon me. I hereby agree to submit to the jurisdiction of the State of California, for the enforcement of any claimed violation of the terms of the Stipulation or of this Affidavit, and agree that such jurisdiction shall survive the termination of the above-entitled action.

________________________________
Printed Name:

Sworn to before me this
_____ day of _____________, 2007

__________________________
Notary Public

SCHIFFHARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

01850.00010
670797.1

- 2 -

EXHIBIT A TO STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
Case No. 2:06-CV-02573-DFL-KJM

PDF created with pdfFactory trial version www.pdffactory.com

SCHIFF HARDIN LLP
JEFFREY R. WILLIAMS (CSB #84156)
KATHLEEN A. STIMELING (CSB #209226)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Attorneys for Defendants
DOREL JUVENILE GROUP, INC. and
WAL-MART STORES, INC.

SCHIFFHARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANCHEZ, for herself and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL MART STORES, INC., DOREL JUVENILE GROUP, INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:06-CV-02573-DFL-KJM<br><br>**EXHIBIT B** |

The undersigned, being duly sworn, deposes and says:

1. I have received and read a copy of the "Stipulation Concerning Confidential Materials" entered in the above-entitled action.

2. I have abided by the terms of said Stipulation and agree to abide by its terms in the future.

3. I have returned to counsel who provided them to me all CONFIDENTIAL MATERIALS, including any copies, in my possession.

______________________________
Printed Name:

Sworn to before me this
_____ day of _____________, 2007

__________________________
Notary Public

PDF created with pdfFactory trial version www.pdffactory.com