IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH SANCHEZ, for herself and on behalf of those similarly situated,

    Plaintiffs,

  v.

WAL-MART STORES, INC., DOREL JUVENILE GROUP, INC., and DOES 1 through 25, inclusive,

    Defendants.

No. 2:06-CV-2573 JAM KJM

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Plaintiff Elizabeth Sanchez ("Sanchez") brought a putative class action, on behalf of herself and others similarly situated, against Wal-Mart Stores, Inc. ("Wal-Mart") and Dorel Juvenile Group, Inc. ("DJG") (collectively "Defendants") claiming that DJG manufactured and Wal-Mart sold defective strollers that she and other class members bought. Defendants now move for summary judgment pursuant to Rule 56(c) of the

Federal Rules of Civil Procedure. Sanchez opposes the motion. For the reasons set forth below, Defendants' motion is DENIED.

## I. UNDISPUTED FACTS

In June 2005, Sanchez bought a Dorel model 01-834 PGH stroller ("stroller") from Wal-Mart at Florin Road in Sacramento, California. Sanchez contends that she relied on Defendants' representations that the stroller was safe, easy to use, of merchantable quality, and fit for its intended and reasonably foreseeable uses. Sanchez further contends that Defendants failed to adequately warn about a "dangerous, unguarded and unmitigated pinch point" that creates an "unreasonable potential for harm." Sanchez claims that were it not for Defendants false and misleading statements, in the form of written representations and material omissions, she would not have purchased the stroller. According to Sanchez, once she learned of the stroller's potential for harm, she had to replace it, and therefore suffered harm.

On October 2, 2006, Sanchez filed a class action lawsuit against Defendants in state court. On November 16, 2006, Defendants removed the case to this Court on the basis of diversity. On January 18, 2008, Sanchez filed a second amended complaint seeking equitable relief, including restitution and injunctive relief in the form of a recall. Specifically, the second amended complaint alleges three state law claims for

relief: (1) violation of the Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.* ("UCL"); (2) violation of the Consumers Legal Remedies Act, Civil Code §§ 1750 *et seq.*, ("CLRA"); and (3) breach of the implied warranty of merchantability.  On December 3, 2007, Defendants moved for summary judgment on the basis that Sanchez lacks standing to bring this action because she has not suffered "injury in fact." Alternatively, Defendants argue that dismissal of this action is appropriate because Sanchez destroyed key evidence in this case, namely her stroller and its accompanying documents.

## II. OPINION

A.   Legal Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An issue of fact is "genuine" if it constitutes evidence with which "a reasonable jury could return a verdict for the nonmoving party."   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the moving party meets its burden, the burden then shifts to the nonmoving party to go beyond the

pleadings and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." Id. Summary judgment is appropriate if, viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

B.  Standing

Defendants argue that Sanchez lacks standing to bring this action because she has not suffered "injury in fact."

Standing under Article III is limited to those plaintiffs that have suffered an "injury in fact"-an invasion of a legally protected interest which is: (1) concrete and particularized; and (2) actual or imminent, not conjectural or hypothetical. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

The party invoking federal jurisdiction bears the burden of establishing standing.  Id. at 561.  Similarly, both the UCL and CLRA protect only plaintiffs who have suffered harm "as a result of" defendant's unlawful or unfair practices.  Cal. Bus. & Prof.Code § 17204; Cal. Civ.Code § 1780.

California's UCL prohibits unfair competition, defined to include "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof.Code § 17200.  Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of § 17204 and complies with California Code of Civil Procedure § 382.[1]  Cal. Bus. & Prof.Code § 17203.  A plaintiff meets the standing requirements of § 17204 if she "has suffered injury in fact and has lost money or property as a result of such unfair competition."  Cal. Bus. & Prof.Code § 17204; see also Buckland v. Threshold Enterprises, Ltd., 155 Cal.App.4th 798, 814 (2007) (to demonstrate "injury in fact" under the UCL a plaintiff must

---

[1] Section 382 provides: "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."  Cal. Code Civ.Proc. § 382.

satisfy the standing requirements of the United States Constitution).  To have standing to assert a claim under the UCL, the plaintiff must have spent money, lost money or property, or been denied money to which he or she was entitled, due to unfair business practices.  O'Brien v. Camisasca Automotive Mfg., Inc., 161 Cal.App.4th 388, 399 (2008); see also Walker v. USAA Casualty Ins. Co., 474 F.Supp.2d 1168, 1172 (E.D. Cal. 2007) (to have standing to assert a UCL claim, plaintiff must show either prior possession or a vested legal interest in the money or property allegedly lost).

The CLRA bans certain methods of competition that the California legislature has deemed to be "unfair" or "deceptive." Cal. Civ.Code §§ 1750 *et seq.*  Under the CLRA, certain "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."  See Cal. Civ.Code § 1770(a).  In particular, the relevant portion of the act bans: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Cal. Civ.Code § 1770(a)(5). Any consumer who suffers any damage as a result of the use or employment by any person of the unlawful conduct enumerated

under § 1770 may bring an action to recover or obtain actual damages, injunctive relief, restitution of property, punitive damages, or any other relief the court deems proper.  Cal. Civ.Code § 1780(a).  The consumer may also bring a class action on behalf of "other consumers similarly situated."  Cal. Civ.Code § 1781(a).  To have standing to assert a claim under the CLRA, a plaintiff must have suffered any damage as a result of the practice declared to be unlawful.  <u>Aron v. U-Haul Co. of California</u>, 143 Cal.App.4th 796, 802 (2006).

In the present case, Sanchez argues that she has suffered "injury in fact" under the UCL because she had to replace her stroller due to Defendants' unfair business practice, namely Defendants false and misleading statements and material omissions regarding the stroller.  Defendants, on the other hand, argue that Sanchez has not suffered "injury in fact" because: (1) she never was physically injured by her stroller; (2) she never had a problem with her stroller; (3) she no longer owns her stroller; (4) she obtained another stroller at no cost; and (5) she did not incur any cost in disposing of her stroller.  To have standing under the UCL Sanchez need only demonstrate that she spent or lost money due to an unfair business practice.  Direct victims of an unfair business practice may obtain an order of restitution to recover money lost from an unfair practice as well as injunctive relief.  See <u>Korea Supply Co. v.</u>

Lockheed Martin Corp., 29 Cal.4th 1134, 1152 (2003) (actual direct victims of unfair competition may obtain restitution as well as injunctive relief to remedy a violation under the UCL).[2] Through this action, Sanchez seeks an order of restitution to recover money lost from having to replace an allegedly defective stroller that she purchased from Wal-Mart due to an unfair business practice.  She also seeks injunctive relief in the form of a recall.  This is minimally sufficient to confer standing to assert a claim for relief under the UCL. Although the Court agrees that the undisputed evidence supports Wal-Mart's argument that Sanchez did not spend money on the stroller due to a material omission, (i.e. Sanchez bought the stroller not because of supposed misrepresentations by Wal-Mart regarding the stroller's safety but because it fit her budget and was small), there is still an issue of fact as to whether Sanchez "lost money" because she possessed a less valuable stroller than that for which she bargained due to an alleged defect that was not disclosed by Wal-Mart.  In short, because a genuine issue of material fact exists on the question of whether Sanchez had to replace an allegedly defective stroller that she purchased from

---

[2] "[A]n order for restitution is one compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." Korea Supply, 29 Cal.4th at 1149 (internal quotation marks omitted).

Wal-Mart due to an unfair business practice, Defendants are not entitled to summary judgment.  Defendants also did not point to controlling or persuasive authority supporting the proposition that a plaintiff does not suffer "injury in fact" under the UCL where, as here, she stopped using and eventually replaced an allegedly defective product due to an unfair business practice.

    To the extent that Defendants argue that Sanchez does not have standing to assert a claim for relief under the CLRA, the Court disagrees.  Defendants have not shown that a genuine issue of material fact does not exist on the question of whether Sanchez suffered harm as a result of unlawful conduct enumerated under § 1770.  Nor have Defendants cited controlling authority supporting dismissal of this claim.  Finally, to the extent that Defendants argue that Sanchez does not have standing to assert an implied covenant of good faith and fair dealing claim, the Court disagrees.  Defendants presented neither persuasive argument nor citation to controlling authority supporting dismissal of this claim.  The Court finds Defendants reliance on cases involving so-called "no-injury products liability actions" misplaced.  Those cases are distinguishable from the instant case insofar as Sanchez does not seek to impose tort-based liability through products liability law.  Rather, she seeks benefit of the bargain damages grounded in contract law.  While Sanchez concedes that she has not suffered physical injury

arising out of the use of her stroller, she asserts that she suffered economic injury as a result of purchasing a defective stroller. Sanchez seeks recovery for her actual economic harm (e.g., overpayment, loss in value, or loss of usefulness) emanating from the loss of her benefit of the bargain. That is, she seeks to recover the difference between what she contracted for and what she actually received. This is sufficient to satisfy the standing requirement of concrete injury in fact to assert a breach of implied warranty of merchantability claim. See Cole v. General Motors Corp., 484 F.3d 717, 722-723 (5th Cir. 2007) (finding that automobile owners who brought suit alleging that manufacturer breached express and implied warranties by installing defective side impact sensing modules for side airbags satisfied standing requirement of concrete injury in fact because they sought recovery for actual economic harm (e.g., overpayment, loss in value, or loss of usefulness) emanating from the loss of their benefit of the bargain).[3]

//

//

//

---

[3] In Cole, the court noted that whether recovery for claims brought under a contract theory based on breach of express and implied warranties is permitted under governing law is a separate question; it is sufficient for standing purposes that plaintiffs seek recovery for an economic harm that they allege they have suffered. Cole, 484 F.3d at 723.

C.      Spoliation of Evidence

Defendants argue that dismissal of this action is appropriate because Sanchez failed to preserve key evidence in this case, namely her stroller and its accompanying documents.

A party's destruction of evidence qualifies as spoliation if the party has some notice that the evidence was potentially relevant to the litigation before it was destroyed. See United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). District courts have inherent power to sanction a party that breaches its duty to preserve evidence. Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 365 (9th Cir. 1992). The court has broad discretion to fashion, on a case-by-case basis, an appropriate sanction for spoliation. Id. at 367. Upon finding that a party has spoiled or destroyed evidence, a court may sanction the party by: imposing monetary sanctions; instructing the jury to draw an adverse inference against the despoiling party; excluding testimony based on despoiled evidence proffered by the despoiling party; or, if willfulness is found, entering default judgment against the despoiling party. In re Napster, Inc. Copyright Litigation, 462 F.Supp.2d 1060, 1066 (N.D. Cal. 2006). "[T]o justify the harsh sanction of dismissal, the district court must consider both the spoliator's conduct and the prejudice caused and be able to conclude either (1) that the spoliator's conduct was so

egregious as to amount to a forfeiture of his claim, or (2) that the effect of the spoliator's conduct was so prejudicial that it substantially denied the defendant the ability to defend the claim." Silvestri v. General Motors Corp., 271 F.3d 583, 593 (4th Cir. 2001).

In the present case, it is undisputed that Sanchez was aware that she needed to preserve her stroller as evidence in this case and that her father threw it away in spring of 2007. It is also undisputed that Sanchez discarded the documents accompanying her stroller.  While it is clear that Sanchez failed to preserve her stroller as evidence in this case, the Court nonetheless finds that the harsh sanction of dismissal is not warranted.  The evidence does not support a finding that Sanchez's conduct was willful or made in bad faith.  Nor did Defendants have also failed to demonstrate that Sanchez's conduct was so prejudicial that it has substantially denied them the ability to defend against her claims.  The evidence in the record indicates that Sanchez's family members will corroborate her claim that she purchased the stroller at issue.  The evidence in the record also indicates that Sanchez's uncle owned an identical stroller and produced it for inspection in this case.  Accordingly, because Sanchez's stroller is not the only evidence from which Defendants can develop their defenses adequately, the Court finds that dismissal is not an appropriate

sanction for Sanchez's inadvertent failure to preserve her stroller.  This finding is, however, made without prejudice to a later filed motion seeking lesser sanctions.

As to Sanchez's destruction of the documents accompanying her stroller, the Court finds that this conduct does not warrant dismissal.  There is no evidence before the Court indicating that Sanchez destroyed the documents in bad faith, nor is there evidence that the documents were destroyed when Sanchez was on notice that they had potential relevance to this litigation.  In fact, it is undisputed that Sanchez discarded the instruction manual accompanying her stroller in spring of 2005, more than a year prior to filing this action.  While the Court recognizes that Sanchez's destruction of the documents accompanying her stroller makes it difficult to determine which warnings, if any, accompanied her stroller, the Court nonetheless finds that such conduct does not warrant dismissal. There is nothing in the record demonstrating that Sanchez had some notice that the documents were potentially relevant to this litigation before destroying them.  Akiona v. United States, 938 F.2d 158, 161 (9th Cir. 1991) ("A party should only be penalized for destroying documents if it was wrong to do so, and that requires, at a minimum, some notice that the documents are potentially relevant.").  Accordingly, the Court finds that

dismissal is not an appropriate sanction for Sanchez's destruction of the documents accompanying her stroller.  This finding is also made without prejudice to a later filed motion seeking lesser sanctions.

## III. ORDER

For the reasons set forth above, Defendants' motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: August 5, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE