IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANCHEZ, for herself and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>WAL MART STORES, INC., DOREL JUVENILE GROUP, INC.; and DOES 1 through 25, inclusive,<br><br>        Defendants.<br>_____/ | No. Civ. 2:06-CV-02573-JAM-KJM<br><br><u>ORDER DENYING PLAINTIFF'S<br>MOTION FOR CLASS CERTIFICATION</u> |

    This matter is before the Court on Plaintiff Elizabeth Sanchez's ("Plaintiff") motion for class certification pursuant to Federal Rule of Civil Procedure 23. Defendants Wal-Mart Stores, Inc. ("Wal-Mart") and Dorel Juvenile Group, Inc. ("DJG") (collectively "Defendants") oppose the motion. The parties appeared before the Court for a hearing on this motion on May 13, 2009. For the reasons set forth below, Plaintiff's motion is DENIED.

I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2005, Sanchez alleges she bought a Dorel model 01-834 PGH stroller ("Stroller") from Wal-Mart at Florin Road in Sacramento, California. Sanchez contends that she relied on Defendants' representations that the Stroller was safe, easy to use, of merchantable quality, and fit for its intended and reasonably foreseeable uses. Sanchez further contends that Defendants failed to adequately warn about a "dangerous, unguarded and unmitigated pinch point" that creates an "unreasonable potential for harm." Sanchez claims that were it not for Defendants' false and misleading statements, in the form of written representations and material omissions, she would not have purchased the $20 Stroller. According to Sanchez, once she learned of the Stroller's potential for harm, she had to replace it, and therefore suffered harm.

On October 2, 2006, Sanchez filed a class action lawsuit against Defendants in state court. On November 16, 2006, Defendants removed the case to this Court on the basis of diversity. Doc. # 1. On January 18, 2008, Sanchez filed a second amended complaint seeking equitable relief, including restitution and injunctive relief in the form of a recall. Doc. # 84. In the instant motion, Plaintiff seeks to certify this

action as a class action. Doc. # 124. Defendants oppose the motion.[1] Doc. # 156.

## II. OPINION

### A. Legal Standard

A party seeking to certify a class must satisfy the four prerequisites enumerated in Rule 23(a), as well as at least one of the four requirements of Rule 23(b). Under Rule 23(a), the party seeking class certification must establish that: (1) the class is so large that joinder of all members is impracticable (i.e. numerosity); (2) there are one or more questions of law or fact common to the class (i.e., commonality); (3) the named parties' claims are typical of the class (i.e., typicality); and (4) the class representatives will fairly and adequately protect the interests of the other members of the class (i.e. adequacy of representation). Fed.R.Civ.P. 23(a). In addition to satisfying these prerequisites, parties seeking class certification must show that the action is maintainable under Rule 12(b)(1), (2), or (3). Amchem Prods., Inc. v. Windsor, 521

---

[1] Also before the Court is Defendants' Motion to Strike Plaintiff's Experts' Declarations. Doc. # 153. Defendants' Motion to Strike is GRANTED only to those portions of the William F. Kitzes Declaration that contain legal conclusions and/or opinions on an ultimate issue of law. See e.g., Doc. # 37-7 ¶¶ 12, 15. For all other portions of the experts' declarations, Defendants' Motion to Strike is DENIED. Moreover, the experts' declarations themselves are not the reason this Court is denying class certification.

3

U.S. 591, 614 (1997); see also Fed.R.Civ.P. 23(b). Class actions for monetary damages are permissible where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed.R.Civ.P. 23(b)(3). Satisfaction of Rule 23(b)(3) also requires that litigation of a class action be more efficient and fairer than alternative methods of adjudication. Id.

The party seeking certification must provide facts sufficient to satisfy Rule 23(a) and (b) requirements. Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1308-09 (9th Cir. 1977). In turn, the district court must conduct a rigorous analysis to determine that the prerequisites of Rule 23 have been met. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). If a court is not fully satisfied, certification should be refused. Id.

B. Rule 23 Analysis

Plaintiff has not met her burden in establishing that the requirements of Rule 23 have been met. First, certification of a Rule 23(b)(3) class requires a finding not only that common issues exist, but that they "predominate" over individual issues. Fed.R.Civ.P. 23(a)(2), (b)(3). Here, the common issues relied on by Plaintiff in support of her motion do not predominate over the individual issues identified by Defendants

4

in their opposition to this motion. The record established that there are many individual factors that must be examined before determining whether a particular individual's behavior with respect to the Stroller would have been materially changed by the presence of safety warnings. See, e.g., Thorogood v. Sears, Roebuck & Co., 547 F.3d 742, 746-747 (7th Cir. Ill. 2008); Blackwell v. Skywest Airlines, Inc., 245 F.R.D. 453 (S.D. Cal. 2007)(refusing to certify class because of the need for "extensive individualized inquiries"). Class members are likely to react differently to the disclosure of safety information, therefore there are no "common" issues, and certainly no common issues that predominate. See id.

Second, there is no proof of the existence of injury on a classwide basis. When fact of injury cannot be established through classwide proof, class certification is improper. See, e.g., Caro v. Procter & Gamble, 18 Cal.App.4th 644, 668 (1993)(the Court concluded that "whether any asserted misrepresentation induced the purchase of [] orange juice would vary from consumer to consumer," and therefore, the issue of liability was not susceptible to classwide proof). Here, Plaintiff contends that she and the absent class members sustained a classwide injury because (1) they were required to replace their allegedly defective Strollers or (2) they purchased a "less valuable" or "devalued" Stroller and failed to

receive the "benefit of the bargain," represented by "the extent to which the product was devalued by the breach." Neither of these purported injuries however, can be established through classwide proof.

There is simply no way to determine whether any particular class member "replaced" the Stroller that he or she purchased with a different one, absent an individualized inquiry into that class member's particular circumstance. Further, whether any particular Stroller was "devalued" by the alleged breach is likewise an inherently individualized issue. For example, in Plaintiff's case, she made full use of the perfectly functioning Stroller for 18 months. Plaintiff must prove that she did not receive her $20 worth from the Stroller. It is impossible for her to prove that each and every one of the hundreds of thousands of potential class members did not receive the Stroller's worth either. Thus, because individual issues permeate every aspect of the claims in this suit, the requirement to prove commonality under Rule 23 has not been met.

Plaintiff's motion for class certification is also denied because she is an inadequate class representative. Her claims are not typical of the putative class and she cannot satisfy the "adequacy of representation" requirements of Rule 23(a)(3) and (a)(4). The requirements that a class representative's claims be "typical" of those of the putative class, and that the class

representative and class counsel "fairly and adequately" represent the interests of that class, ensure that the class representative is part of the proposed class, possesses the same interest, and suffers the same injury as the absent class members. See e.g. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 (1997).

    Here, Plaintiff's claims do not satisfy either the typicality or the adequacy requirements for many of the same reasons that her claims do not satisfy the commonality and predominance requirements. First, Plaintiff's claims are not typical of those of the class she seeks to represent. There are innumerable variations in the experiences and information possessed by consumers, in the factors that influence consumers' purchasing decisions, and in the manner by which consumers react to product warnings and the disclosure of safety information. The putative class will include persons who knew about the alleged hazard, yet purchased the product anyway; people, like Plaintiff, who bought the Stroller because of its price, size, and other characteristics; and many others for whom the "warning" would have made no difference in their purchase decision. As a result, there is no "typical" claim or experience, certainly not Plaintiff's experience, that can be extrapolated classwide. See e.g. Oshana v. Coca-Cola Bottling

Co., 472 F.2d 506 (7th Cir. 2006). As such, the typicality requirement has not been satisfied.

Further, Plaintiff has not demonstrated that she will fairly and adequately protect the interests of the other members of the class as required by Rule 23. Fed.R.Civ.P. 23(a)(4). As part of this inquiry, the Court must ensure that the litigation is brought by a named Plaintiff who understands and controls the major decisions of the case. Class counsel may not act "on behalf of an essentially unknowledgeable client," for to proceed with that plaintiff as class representative "would risk a denial of due process to the absent class members." Burkhalter Travel Agency v. MacFarms Int'l, Inc., 141 F.R.D. 144, 154 (N.D. Cal. 1991). The record here demonstrates that Plaintiff's counsel, and not Plaintiff, is the driving force behind this action. See e.g., Bodner v. Oreck Direct, LLC, 2007 WL 1223777, at 2-3* (N.D. Cal. Apr. 25, 2007). Despite Plaintiff's professed concerns over the alleged danger presented by the Stroller, and her fiduciary duties to "fairly and adequately" represent putative class members, her counsel has chosen not to pursue any personal injury claims on behalf of those class members, but rather to limit their claims to "economic injury." This strategic claim-splitting decision creates a conflict between Plaintiff's interests and those of the putative class, and renders Plaintiff an inadequate class representative.

Plaintiff learned that she allegedly had a claim against Defendants only after her uncle was injured and class counsel contacted her and told her so. Such a "cart before the horse" approach to litigation is not the proper mechanism for the vindication of legal rights. See id., *citing* Meachum v. Outdoor World Corp., 654 N.Y.S.2d. 240, 369 (1996)("Solicitation of clients for the commencement or continuation of a class action is improper, sufficient to warrant denial of class action certification"). The Court is concerned that adjudication of Plaintiff's individual claims necessarily will devolve into disputes over her unique circumstances, to the detriment of the claims of absent class members. As such, the Court finds that Plaintiff has not demonstrated that she will fairly and adequately protect the interests of the other members of the class as required by Rule 23.

Finally, Rule 23 also requires Plaintiff to prove that a class action is the "superior" method for adjudicating this controversy. Fed.R.Civ.P. 23(b)(3). Among the factors a Court must consider in making this superiority finding are "the likely difficulties in managing a class action." Fed.R.Civ.P. 23(b)(3)(D). Here, individual issues permeate every aspect of the claims in this suit – from proving membership in the putative class, to establishing liability and the fact of injury, to ascertaining the amount of damages. Where, as here,

individual issues predominate, the superiority requirement is not satisfied. "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.'" Zinser v. Accufix Res. Inst., Inc., 253 F.3d 1180, 1192 (9th Cir.), *as amended*, 273 F.3d 1266 (9th Cir. 2001). Because the only persons likely to benefit from a class action in this case are class counsel, a costly and time-consuming class action is "hardly the superior method for resolving the dispute." In re Hotel Tel. Charges, 500 F.2d 86, 91 (9th Cir. 1974). Accordingly, the Court finds that Plaintiff has not satisfied the prerequisites enumerated in Rule 23.

C. Due Process Analysis

Beyond the Rule 23 requirements, certification of a class here would violate Defendants' constitutional rights to due process. "Due process requires that there be an opportunity to present every available defense." Lindsey v. Normet, 405 U.S. 56, 66 (1972). This constitutionally mandated opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965). Indeed, class actions may "achieve economies of time, effort, and expense," but only when those goals can be achieved "without sacrificing procedural fairness or bringing about other

undesirable results." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 615 (1997).

Here, Defendants would be denied their right to due process if a class action were permitted to proceed. Defendants must be afforded the opportunity to explore and introduce evidence, with respect to each class member's claim, including (1) whether (and where) the class member actually purchased the Stroller; (2) the types of alleged representations or warnings the class member heard or read; (3) the knowledge the class member already possessed about the supposed hazard presented by the hinge; (4) the factors relevant (or not relevant) to that class member's decision to purchase the Stroller; (5) whether the proposed warning would have materially affected the class member's purchase decision; (6) the price the class member paid for the Stroller, (7) the class member's use of and experience with that Stroller; (8) whether the class member replaced the Stroller; and (9) the supposed true "value" of the Stroller, among many other factors. Given the numerous individualized inquires required to adjudicate the claims brought on behalf of the putative class, any attempt to try these claims on a classwide basis would deprive Defendants of their due process right to a fair trial, including the right to present "every available defense" to those claims. Accordingly, class certification in this action would deny Defendants of their right to due process.

III. ORDER

For the reasons set forth above, Plaintiff's Motion to Certify the Action as a Class Action is DENIED.

IT IS SO ORDERED.

Dated:  May 28, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE