IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH SANCHEZ, for herself
and on behalf of those
similarly situated,

      Plaintiffs,

  v.

WAL MART STORES, INC., DOREL
JUVENILE GROUP, INC.; and DOES
1 through 25, inclusive,

      Defendants.
_____/

No. Civ. 2:06-CV-02573-JAM-KJM

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

On May 28, 2009, this Court issued an order denying Plaintiff Elizabeth Sanchez's ("Plaintiff") motion for class certification. Plaintiff now moves for reconsideration. Defendants Wal-Mart Stores, Inc. ("Wal-Mart") and Dorel Juvenile Group, Inc. ("DJG") (collectively "Defendants") oppose the

1

motion. For the reasons set forth below[1], Plaintiff's motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2005, Sanchez alleges she bought a Dorel model 01-834 PGH stroller ("Stroller") from Wal-Mart at Florin Road in Sacramento, California. Sanchez contends that she relied on Defendants' representations that the Stroller was safe, easy to use, of merchantable quality, and fit for its intended and reasonably foreseeable uses. Sanchez further contends that Defendants failed to adequately warn about a "dangerous, unguarded and unmitigated pinch point" that creates an "unreasonable potential for harm." Sanchez claims that were it not for Defendants' false and misleading statements, in the form of written representations and material omissions, she would not have purchased the $20 Stroller. According to Sanchez, once she learned of the Stroller's potential for harm, she had to replace it, and therefore suffered harm.

On October 2, 2006, Sanchez filed a class action lawsuit against Defendants in state court. On November 16, 2006, Defendants removed the case to this Court on the basis of diversity. Doc. # 1. On May 13, 2009, this Court heard oral

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

argument on Plaintiff's motion to certify the action as a class action.  After careful consideration of the parties' briefs and oral arguments, on May 28, 2009 the Court entered judgment denying Plaintiff's motion for class certification.  (Doc. 183).  In the instant motion, Plaintiff seeks reconsideration of this Court's May 28, 2009 Order denying Plaintiff's motion to certify the action as a class action.  (Doc. # 184).

## II.  OPINION

Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

However, E.D. Cal. L. R. 78-230(k) states, amongst other things, that a party moving for reconsideration must show:

> [W]hat new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and why the facts or circumstances were not shown at the time of the prior motion.

"To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Hansen v. Schubert, 459 F.Supp.2d 973, 998 (E.D. Cal. 2006); see also United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a

disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.")(internal citations omitted).

Plaintiff seeks reconsideration of this Court's May 28, 2009 Order on the basis that the Court ignored or misapplied the legal standard for liability and causation set forth in the recent California Supreme Court decision in In re Tobacco II Cases, 46 Cal. 4th 298 (2009).  Doc. # 184 at 2:3-8.  The Court first notes that Tobacco II addresses only California's Unfair Competition Law ("UCL"), Cal. Bus.& Prof. Code § 17200 et seq., claims.  Plaintiff's motion, therefore, is not directed to this Court's denial of class certification of Plaintiff's two other claims under the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq., and breach of warranty.

Plaintiff argues that this Court improperly applied the UCL's "materiality" requirement as set forth in Tobacco II. Specifically, Plaintiff asserts that had the Court focused "on Defendant's conduct and the manner in which that conduct would be received by the objective, reasonable consumer" the Court would have ruled in Plaintiff's favor and granted class certification.  Pl's Mot., Doc. # 184, at 3:8-12.  Plaintiff's argument however, is not new and Tobacco II did not change or alter the law on this issue.  Rather, the parties extensively

4

briefed and argued this very point at oral argument to this Court on May 18, 2009.  Further, Tobacco II devoted only a few sentences to this issue.  See 46 Cal. 4th at 327.  This argument, therefore, is not a proper subject for a motion for reconsideration.  See e.g., Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991)(motion for reconsideration cannot be used to reargue previously litigated issues).

   Nevertheless, this Court properly applied the UCL's materiality standard as set forth in Tobacco II and other authorities cited in this Court's previous order.  As the proponent of class certification, Plaintiff had the burden of submitting record evidence that any supposed misrepresentations or omissions would have been "material" to the reasonable consumer.  See e.g., Massachusetts Mutual Life Ins. Co. v. Superior Court, 97 Cal. App. 4th 1282, 1294-95 (2002).  In order for non-disclosed information to be material, a plaintiff must show that "had the omitted information been disclosed, one would have been aware of it and behaved differently."  See Falk v. GMC, 496 F. Supp. 2d 1088, 1095 (N.D. Cal 2007) quoting Mirkin v. Wasserman, 5 Cal. 4th 1082, 1093 (Ca. 1993); see also Tobacco II, 46 Cal. App. 4th at 327 (materiality judged by whether reasonable person would attach importance to its existence or nonexistence in determining choice of action in transaction in question).

Here, Plaintiff failed to proffer any record evidence that the "objective, reasonable consumer" would have considered the alleged misrepresentations or omissions to be material. Plaintiff simply submitted her own, uncorroborated and unscientific declaration that no "reasonable person" would have purchased the Stroller had the supposed "entrapment point hazard" been disclosed. As discussed at oral argument (Doc. # 185) and in Defendant's Class Certification Opposition brief (Doc. # 156), Plaintiff's declaration is contrary to her prior deposition testimony that size and cost were the only factors in her purchasing decision. Moreover, Plaintiff did not offer any evidence to corroborate her argument apart from her conclusory declaration. El. Sanchez Decl. ¶ 4, Doc. # 37-4. As such, this Court properly found that Plaintiff had not established that had a warning been placed on the Stroller regarding the particular hinge at issue that Plaintiff, or any reasonable consumer, would have been aware of the warning and behaved differently.

Indeed, this Court finds Defendants' argument persuasive that given the average consumer's experience with potential pinch points in everyday consumer products (doors, ladders, chests, folding tables); the Stroller's clear owner's manual consumer instructions showing how to fold and unfold the Stroller properly; and the already existing warnings in the instructions regarding potential finger entrapment, Plaintiff

has failed to prove that an additional warning regarding the particular hinge point at issue would have made any difference to an "objective, reasonable consumer."

Based on this record, the Court's decision that Plaintiff had not satisfied her burden of submitting evidence establishing that the omissions were material within the meaning of the UCL is entirely consistent with Tobacco II.  For this reason, as well as for all the reasons set forth in this Court's May 29, 2009 Order, Plaintiff's Motion for Reconsideration of Denial of Her Renewed Motion to Certify Action as Class Action is DENIED.

Finally, Plaintiff argues the Court should grant leave to present a new class representative to replace Plaintiff Sanchez. Plaintiff only provides two cases for the legal basis entitling her to such an amendment and substitution: Tobacco II and La Sala v. American Sav. & Loan Assn., 5 Cal. 3d 864, 872 (Cal. 1971).  However, both of these cases demonstrate that leave to substitute a different class representative may be granted when there is a certified class already in place.  In La Sala, the Court ruled that "by reason of defendants' waiver Iford and La Sala were *no longer* suitable representatives."  Id. at 873.  And in Tobacco II, the Court specifically held that the rule allowing leave to amend to redefine the class or add a new class representative "usually applied in situations where the class

representative *originally* had standing, but has since lost it by intervening law or facts." Tobacco II, 46 Cal. 4th at 328-329.

Here, Plaintiff never established standing to represent a class and there is no intervening law or facts to change the Court's decision. Thus, each of the foregoing cases is distinguishable on that ground. Plaintiff has failed to demonstrate how she, who has never been a member of a class, may amend the complaint to substitute in a plaintiff with standing to represent the class. Further, Plaintiff has failed to identify what new class representative would be adequate or how class certification would be appropriate with this new unidentified plaintiff. Accordingly, Plaintiff's request for leave to substitute a new class representative is DENIED.

### III. ORDER

For the reasons set forth above, Plaintiff's Motion for Reconsideration of Denial of Her Renewed Motion to Certify Action as Class Action is DENIED.

IT IS SO ORDERED.

Dated: September 11, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE